## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE PRESERVE AT WOODLAND HARBOR, LLC, | ) ) | Case No. 06-12478 |
| | ) | |
| Debtor. | ) ) | Hon. Carol A. Doyle |
| In re: | ) | Chapter 11 |
| | ) | |
| WOODLAND HARBOR HOLDINGS, LLC, | ) ) | Case No. 06-12479 |
| | ) ) | |
| Debtor. | ) | |

### INTERIM ORDER GRANTING MOTION FOR AN ORDER (A) AUTHORIZING USE OF USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO AUSTIN BANK OF CHICAGO; AND (C) SETTING FINAL HEARING ON THE MOTION

This matter came before this Court on the motion dated October 3, 2006 (the "Motion")[1] of Preserve at Woodland Harbor, LLC ("PWH") and Woodland Harbor Holdings, LLC ("WHH" together with PWH, the "Debtors") as debtors and debtors-in-possession seeking an interim and final order pursuant to Sections 105 and 363 under Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing WHH to use certain cash collateral, as such term is defined in Section 363(a) of the Bankruptcy Code (as so defined, "Cash Collateral"), upon which Austin Bank of Chicago ("Austin") asserts a first priority perfected security interest and lien; and (b) granting adequate protection to Austin. Having examined the Motion and

---

[1] Capitalized terms not defined herein shall bear the meaning ascribed to them in the Motion.

having completed a hearing pursuant to Section 363 of the Bankruptcy Code, and objections, if any, having been withdrawn, resolved or overruled by the Court,

**THE COURT HEREBY FINDS THAT:**

A. The Court has jurisdiction over the cases and this proceeding pursuant to 28 U.S.C. § 1334. Determination of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue over this Motion is proper under 28 U.S.C. §§ 1408 and 1409(a). The statutory predicates for the relief requested in this Motion are Sections 105, 361, 363 and 507 of the Bankruptcy Code and Bankruptcy Rule 4001.

B. Good cause has been shown for immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2).

C. The Debtors have provided due and proper notice of the Motion.

D. This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be fully enforceable as of the date hereof.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>Authorization to Use Cash Collateral</u>. WHH is authorized to use Cash Collateral solely to pay debt service at the contract rate to Austin and any other expenditure to which Austin consents in writing. This authorization and consent shall continue until a date which is two business days after the date on which a final hearing on the Motion is held unless earlier terminated by Austin Bank in writing. If authorization and consent to use of cash collateral under this Order terminates or expires, WHH reserves the right to seek further relief (with notice and an opportunity to be heard) permitting use of cash collateral and Austin Bank and all other parties reserve their right to object to or take such other position as they determine

1451205\V-6

appropriate with respect to such requested relief. To the extent cash collateral is insufficient to pay currently monthly debt service to Austin Bank, WHH reserves the right to pay such debt service from its DIP Financing facility.

2. <u>Adequate Protection</u>. As adequate protection for WHH's use of Cash Collateral pursuant to the terms of this Order, WHH shall (a) maintain existing insurance coverage on the marina property owned by WHH (the "Marina") and pay all real estate taxes on the Marina when due and (b) provide a replacement lien to Austin on all postpetition rents and all other assets of WHH (including avoidance actions arising under the Bankruptcy Code or other applicable law) to the extent of the usage of cash collateral. To the extent the adequate protection provided by WHH proves insufficient, Austin shall have an allowed administrative priority claim under Section 507(b) of the Bankruptcy Code and an adequate protection lien on all the assets of WHH (including avoidance actions arising under the Bankruptcy Code or other applicable law), in each instance solely to the extent of the postpetition diminution in value of its interests in prepetition collateral.

3. <u>Reservation of Rights.</u> Nothing herein or in the Motion shall be deemed to prejudice Debtors' rights, defenses and claims against Austin and its officers, directors, shareholders, agents and other affiliates nor shall any representations herein constitute any finding or admission as to Austin's asserted claims, security interests and liens. The automatic stay remains in full force and effect. Nothing herein shall prevent the Debtors nor Austin from seeking further relief from this Court.

4. <u>Final Hearing</u>. A final hearing on use of cash collateral shall be held on November _8_, 2006, at _10:30_ .m.

5. <u>Notice of Entry of Order</u>. WHH is directed to serve a copy of this Order

14512053\V-6

as soon as practicable by first class mail, postage prepaid, on Austin, all creditors, all parties who have filed a request for notices, and the United States Trustee, which service shall constitute adequate and proper notice of the entry of this Order.

_____
United States Bankruptcy Judge

Dated: October 18, 2006

14512053\V-6