UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Jointly Administered) |
| PRESERVE AT WOODLAND HARBOR, LLC, | ) ) | Case No. 06-12478 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| In re: | ) | Chapter 7 |
| | ) | (Jointly Administered) |
| WOODLAND HARBOR HOLDINGS, LLC, | ) ) | Case No. 06-12479 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |

**AGREED FINAL ORDER RELATED TO (1) SONNENSCHEIN NATH & ROSENTHAL LLP'S THIRD AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES, (2) BUTLER RUBIN SALTARELLI & BOYD LLP'S FIRST APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND (3) RELATED AGREEMENTS**

Upon consideration of the (1) third and final fee application of SONNENSCHEIN NATH & ROSENTHAL LLP ("Sonnenschein"), counsel for the debtors and former debtors-in-possession in the above-captioned cases (the "Debtors"), for allowance of final compensation and reimbursement of expenses for the period from October 3, 2006 through July 31, 2007 (Dkt. No. 499) (the "Sonnenschein Application"), (2) the first and final application of BUTLER RUBIN SALTARELLI & BOYD LLP ("Butler Rubin"), special counsel for the Debtors for allowance of final compensation and reimbursement of expenses for the period from February 12, 2007 through June 26, 2007 (Dkt. No. 467) (the "Butler Rubin Application") and (3) certain agreements reached in connection with entry of this order; and due and adequate notice having been given; and it appearing that no other notice need be given; and it appearing that this Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334; and it appearing that these

matters constitute a core proceeding pursuant to 28 U.S.C. § 157(b)(2); Sonnenschein having agreed to reduce the fees sought by $80,000.00 in connection with the entry of this Order and the associated final allowance and payment provisions; Messrs. Salomon and English having filed certain objections to interim and/or final fee applications which are being withdrawn with prejudice; and after due deliberation and sufficient good cause appearing therefor; it is hereby:

### SONNENSCHEIN FEES AND COSTS

ORDERED that the Sonnenschein Application is hereby APPROVED on a final basis as a Chapter 11 administrative expense in the amount of $724,773.27 of fees and $10,176.77 of expenses and such agreed reduced amount shall resolve any disputes any party who received notice of the application or either of the Estates (as hereinafter defined) (or any assignee or successor thereto) may have with respect to Sonnenschein's fees, costs and services; and it is further

ORDERED, that the unpaid balance owed to Sonnenschein as of the date of this Order is $537,204.50, this amount being derived from the allowed amount of $734,950.04 for combined fees and expenses, less the first interim fee application payment of $169,482.04 and the prior application of $28,263.50 Sonnenschein had held in retainer;

ORDERED, that $175,000.00 of the unpaid balance owed to Sonnenschein shall be paid by the Estates to Sonnenschein without further order of this Court on or before December 31, 2008 by checks delivered by messenger or hand delivered to Sonnenschein (the "First Distribution"), provided, however, that the Trustee will remit $15,000.00 of such amount as a gift to Butler Rubin as set forth below and the net payment in the First Distribution to Sonnenschein will be $160,000.00, with $80,000.00 from the Estate of Preserve at Woodland Harbor LLC (the "Preserve Estate") and $80,000.00 from the Estate of Woodland Harbor Holdings LLC (the "WHH Estate" and collectively with the Preserve Estate, the "Estates");

ORDERED, that an additional $175,000.00 of the unpaid balance owed to Sonnenschein (less the gifts set forth below) shall be promptly paid by the Estates ($87,500.00 from the Preserve Estate and $87,500.00 from the WHH Estate) to Sonnenschein without further order of this Court if there are no additional material pre-petition claims or Chapter 11 administrative claims asserted on or before the applicable governmental unit and non-governmental unit bar dates (or such later date as such material additional claims are withdrawn, disallowed or resolved in an amount which permits such a distribution) (the "Second Distribution");

ORDERED, the remainder of the unpaid balance owed to Sonnenschein (or if less, such funds as are available to pay such fees after payment of or estimated reserves for reasonable or allowed Chapter 7 administrative expenses) shall be paid equally from each Estate from the now current funds in the Estates' accounts (or any excess sale proceeds after payment of or reserves for Stage Administrative Claim (as hereinafter defined)) by the Trustee to Sonnenschein without further order of this Court at the closing of the cases or such earlier date as the Trustee shall determine in his discretion (without need for further order of this Court or any further motion or notice) or this Court shall order upon further motion by the Trustee or Sonnenschein and a hearing on such further motion;

ORDERED, that Sonnenschein has agreed to gift $33,754.88 from the Second Distribution to the Estates for distribution to the four general unsecured creditors named in this paragraph below and such gift and distribution is hereby approved and those amounts to be paid are: Reckley & Associates ($16,200.00), Warner Norcross & Judd ($14,547.00), Full Line Printing ($1,712.88) and Great Lakes Interiors ($1,295.00) (Sonnenschein has not agreed to gift or subordinate in favor of any heretofore unasserted unsecured claim and Chapter 11 Administrative Expense Claims);

ORDERED, Sonnenschein has agreed to gift $32,000.00 from the Second Distribution to Joseph English on behalf of the general unsecured claims he has purchased and holds by a check payable to Joseph English delivered to his counsel and that gift and distribution is hereby approved, it being explicitly understood that Mr. English retains a claim of $3,271.32 plus any claim to interest on the general unsecured claims he has purchased and remains a claimant at his request;

ORDERED, that the payment to Sonnenschein is subject to disgorgement to the extent the Estates are insolvent at the Chapter 7 administrative expense level or at the Chapter 11 administrative expense level (other than the Stage Administrative Claim) - to the extent the Chapter 7 or Chapter 11 administrative insolvency disgorgement includes any portion of the First Distribution, such disgorgement shall be pro rata from Sonnenschein and Butler Rubin with Sonnenschein bearing a 160/175 portion and Butler Rubin bearing a 15/175 portion;

**BUTLER RUBIN FEES AND COSTS**

ORDERED, that the Butler Rubin Application is hereby APPROVED on a final basis as a Chapter 11 administrative expense in the amount of $29,679.00 of fees and $479.57 of expenses (none of which has been paid to date) and that agreed amount shall resolve any disputes any party who received notice of such application or either of the Estates (or any assignee or successor thereto) may have with respect to Butler Rubin's fees, costs and services (other than the pending 547 adversary proceeding against Butler Rubin); and it is further

ORDERED, that the full unpaid balance of $30,158.57 shall be paid by the Estates to Butler Rubin without further order of this Court on or before December 31, 2008 in checks delivered by messenger or hand delivered to Butler Rubin, $15,079.29 from the Preserve Estate and $15,079.28 from the WHH Estate (part of which is funded by Sonnenschein gift described above), which together shall be in full satisfaction of Butler Rubin's administrative claims;

ORDERED, Butler Rubin reserves its rights as to its pre-petition unsecured claims, but consents to the gifts to the other general unsecured claimants set forth in this Order and will not object to or seek disgorgement of the same;

ORDERED, that the payment to Butler Rubin is subject to disgorgement to the extent the Estates are insolvent at the Chapter 7 administrative expense level or based on any insolvency at the Chapter 11 Administrative Expenses level (other than the Stage Administrative Claim) or if there is judgment in the pending preference action against Butler Rubin which is not paid by Butler Rubin;

### OTHER PROVISIONS

ORDERED, that Sonnenschein and Butler Rubin ~~will not object~~ have agreed not to object to and will indicate (at no material cost to them) in a short pleading their support for bid procedures under which the Estates shall auction any and all causes of action of the Estates in a manner consistent with the existing bid procedures as the same may be reasonably modified for the comments of the parties; provided the bid procedures are consistent with the full and final allowance and payment of Sonnenschein's and Butler Rubin's fees and expenses as set forth in this Order;

ORDERED, the full and final fee orders hereunder shall preclude auctioning any alleged cause of action against Sonnenschein or Butler Rubin (other than the pending 547 adversary proceeding against Butler Rubin) but shall not act as res judicata or any similar theory vis-à-vis other potential defendants related to the same nucleus of facts;

ORDERED, that Sonnenschein has agreed to subordinate any right to receive payment on account of its remaining unpaid administrative expense claim from additional sales and/or litigation proceeds received after the date hereof in favor of whatever administrative claim may be allowed in favor of Stage Development Company, LLC ("Stage") pursuant to its pending administrative expense motions (Case No. 06-12478, Docket No. 526 and Case No. 06-12479,

Docket No. 37) (collectively, the "Stage Administrative Claim") until the allowed amount, if any, of the Stage Administrative Claim is paid in full;

ORDERED, that Stage has agreed to subordinate any right to receive payment on account of its Stage Administrative Claim from the current Estates funds in favor of payment in full of Sonnenschein's remaining unpaid administrative expense claim;

ORDERED, Stage and the Stage related parties reserve their rights as to their pre-petition unsecured claims, but consent to the gifts to the other general unsecured claimants set forth in this Order and will not seek disgorgement of the same;

ORDERED, that while Stage reserves its rights as to the Stage Administrative Claim, Stage consents to the final allowance and payment schedule and amounts set forth herein for the Sonnenschein and Butler Rubin fees as Chapter 11 administrative expenses and will not seek disgorgement of payments made on the same (including the gift portion) nor to delay or reallocate payments to Sonnenschein from funds currently on hand in the Estates;

ORDERED, that Sonnenschein and Butler Rubin will not object to (and will so indicate (at no material cost to them) in a short pleading) allowance of the Stage Administrative Claim, but will not actively support the allowance of the Stage Administrative Claim by way of pleadings, court appearances or oral arguments (although nothing herein shall be deemed to prohibit any attorney with such firm from appearing in response to a lawful subpoena or deposition notice if properly issued); provided, however, that this Order will be without prejudice to the rights of the Trustee and the rights, if any, of Messrs. Salomon and English to object or take such other position as they may elect with respect to all or a portion of the Stage Administrative Claim;

ORDERED, that Sonnenschein has agreed to withdraw its joinder to the Stage motion to dismiss these cases and Sonnenschein and Butler Rubin have agreed to indicate (at no material

cost to them) in a short pleading their opposition to dismissal in light of this settlement and the existence of a bid;

ORDERED, that the Court shall retain jurisdiction to construe and enforce this Order.

Dated: December 30, 2008

_____
Honorable Carol A. Doyle
United States Bankruptcy Judge

AGREED TO THIS 19TH DAY OF DECEMBER, 2008

PHILIP D. LEVEY, CHAPTER 7 TRUSTEE

By: _____*[signature]*_____

    One of his Counsel

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____

    One of its Partners

BUTLER RUBIN SALTARELLI & BOYD LLP

By: _____

    One of its Partners

EDWARD SALOMON AND JOSEPH ENGLISH

By: _____

    One of their Counsel

STAGE DEVELOPMENT COMPANY LLC

By: _____

    One of its Counsel

AGREED TO THIS 19TH DAY OF DECEMBER, 2008

PHILIP D. LEVEY, CHAPTER 7 TRUSTEE

By: _____

    One of his Counsel

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *[signature: Robert E. Richards]*

    One of its Partners

BUTLER RUBIN SALTARELLI & BOYD LLP

By: *[signature]*

    One of its Partners

EDWARD SALOMON AND JOSEPH ENGLISH

By: _____

    One of their Counsel

STAGE DEVELOPMENT COMPANY LLC

By: _____

    One of its Counsel

AGREED TO THIS 19TH DAY OF DECEMBER, 2008

PHILIP D. LEVEY, CHAPTER 7 TRUSTEE

By: _____

    One of his Counsel

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____

    One of its Partners

BUTLER RUBIN SALTARELLI & BOYD LLP

By: _____

    One of its Partners

EDWARD SALOMON AND JOSEPH ENGLISH

By: _____[signature]_____

    One of their Counsel

STAGE DEVELOPMENT COMPANY LLC

By: _____

    One of its Counsel

AGREED TO THIS 19TH DAY OF DECEMBER, 2008

PHILIP D. LEVEY, CHAPTER 7 TRUSTEE

By: _____

    One of his Counsel

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____

    One of its Partners

BUTLER RUBIN SALTARELLI & BOYD LLP

By: _____

    One of its Partners

EDWARD SALOMON AND JOSEPH ENGLISH

By: _____

    One of their Counsel

STAGE DEVELOPMENT COMPANY LLC

By: *[signature]*

    One of its Counsel